# EXHIBIT 7

**SUPPORTING STATEMENT**
**FOR PAPERWORK REDUCTION ACT SUBMISSION**
Foreign Gifts and Contracts Disclosures

1. **Explain the circumstances that make the collection of information necessary. What is the purpose for this information collection? Identify any legal or administrative requirements that necessitate the collection. Include a citation that authorizes the collection of information. Specify the review type of the collection (new, revision, extension, reinstatement with change, reinstatement without change). If revised, briefly specify the changes. If a rulemaking is involved, list the sections with a brief description of the information collection requirement, and/or changes to sections, if applicable.**

Federal Student Aid (FSA), in partnership with the Office of the General Counsel (OGC) of the U.S. Department of Education (ED or Department), is requesting a the renewal of a current information collection to collect required information from institutions of higher education (IHE) regarding foreign gifts and contracts as specified in the Higher Education Act of 1965 (HEA), as amended.

Section 117 of the HEA, codified at 20 U.S.C. § 1011f, provides that institutions of higher education must file a disclosure report with the Secretary of Education on January 31 or July 31, whichever is sooner, under the following circumstances:

- Whenever any institution is owned or controlled by a foreign source, or
- Whenever an institutions receives a gift from or enters into a contract with a foreign source, the value of which is $250,000 or more, considered alone or in combination with all other gifts from or contracts with that foreign source within a calendar year. (see https://www.govinfo.gov/content/pkg/USCODE-2017-title20/pdf/USCODE-2017-title20-chap28-subchapI-partB-sec1011f.pdf).

In June of 2020, ED established a collection of information, Foreign Gifts and Contracts Disclosures, 1801-0006, through ED's Partner Enterprise Business Collaboration (PEBC) system. That collection was under an OMB control number for OGC. The PEBC collection provided for collection of the data elements that ED believes are necessary to ensure institutions provide Congressionally-mandated transparency with respect to covered gifts from and contracts with foreign sources. In June of 2023, a new collection of information, Foreign Gifts and Contracts Disclosures, 1845-0172, was approved with the same PEBC collection portal, with a few minimal changes, but returning the collection of information to FSA. OGC and FSA have worked closely over the course of these two information requests. Through these collections, the public has had ready and meaningful access to this information, and the Secretary has received more meaningful information about covered gifts or contracts involving foreign sources, or about ownership or control of institutions by foreign sources, and has been better able to determine whether it appears an institution has failed to comply with the requirements of 20 U.S.C. § 1011f.

Consistent with Executive Order No. 14282, Transparency Regarding Foreign Influence at American Universities and the directives of U.S. Department of Education Secretary Linda McMahon, FSA is seeking renewal for substantially the same information collection, utilizing a new, more user friendly portal located at https://www.foreignfundinghighered.gov.

2. **Indicate how, by whom, and for what purpose the information is to be used. Except for a new collection, indicate the actual use the agency has made of the information received from the current collection.**

The plain language and Congressional purpose of Section 117 require institutions subject to this information request to disclose fully foreign money provided to them the value of which is $250,000 or more, considered alone or in combination with all other gifts from or contracts with that foreign source within a calendar year. The statute requires the disclosure reports to be made readily available to the public. Also, the Department uses this information to inform its enforcement work under 20 U.S.C. § 1011f.

3. **Describe whether, and to what extent, the collection of information involves the use of automated, electronic, mechanical, or other technological collection techniques or forms of information technology, e.g. permitting electronic submission of responses, and the basis for the decision of adopting this means of collection. Please identify systems or websites used to electronically collect this information. Also describe any consideration given to using technology to reduce burden. If there is an increase or decrease in burden related to using technology (e.g. using an electronic form, system or website from paper), please explain in number 12.**

The collection instrument is hosted via an on-line portal located at www.foreignfundinghighered.gov which was developed specifically to facilitate the electronic submission of Section 117 information by institutions and which addresses many of the complaints raised about the functionality of the PEBC-based portal as they were raised in response to Foreign Gifts and Contract Disclosures, 1845-0172 and in other contexts.

4. **Describe efforts to identify duplication. Show specifically why any similar information already available cannot be used or modified for use for the purposes described in Item 2 above.**

The information in this collection is not duplicative of information in any other Department system. Section 10339B of the Research and Development, Competition, and Innovation Act, Division B of P.L. 117-167 (commonly known as the CHIPS and Science Act of 2022), includes a requirement that the Director of the National Science Foundation (NSF) request certain disclosures from institutions of higher education of the current financial support received from a foreign source associated with a foreign

country of concern. The Department is aware of this NSF requirement, which appears to seek similar information to the proposed information collection, and the potential for duplication from the perspective of an institution of higher education. However, the collections are not duplicative because the range of countries which are reportable foreign sources and dollar thresholds for reporting are not the same. Furthermore, the Department detailed an OGC employee to NSF during of the process of NSF standing up its collection mechanism to avoid duplication of effort between the two collections.

5. **If the collection of information impacts small businesses or other small entities, describe any methods used to minimize burden. A small entity may be (1) a small business which is deemed to be one that is independently owned and operated and that is not dominant in its field of operation; (2) a small organization that is any not-for-profit enterprise that is independently owned and operated and is not dominant in its field; or (3) a small government jurisdiction, which is a government of a city, county, town, township, school district, or special district with a population of less than 50,000.**

   This information collection does not significantly impact small businesses or other small entities.

6. **Describe the consequences to Federal program or policy activities if the collection is not conducted or is conducted less frequently, as well as any technical or legal obstacles to reducing burden.**

   If the collection is not conducted or is conducted less frequently, then the Department will be in violation of its statutory duties, it will be unable to provide public transparency in the reporting of foreign funding in higher education as required by Congress, and it will not be able to enforce the provisions of 20 U.S.C. § 1011f.

7. **Explain any special circumstances that would cause an information collection to be conducted in a manner:**
   - **requiring respondents to report information to the agency more often than quarterly;**
   - **requiring respondents to prepare a written response to a collection of information in fewer than 30 days after receipt of it;**
   - **requiring respondents to submit more than an original and two copies of any document;**
   - **requiring respondents to retain records, other than health, medical, government contract, grant-in-aid, or tax records for more than three years;**
   - **in connection with a statistical survey, that is not designed to produce valid and reliable results than can be generalized to the universe of study;**
   - **requiring the use of a statistical data classification that has not been reviewed and approved by OMB;**
   - **that includes a pledge of confidentiality that is not supported by authority established in statute or regulation, that is not supported by disclosure and data security policies that are consistent with the pledge, or that**

**unnecessarily impedes sharing of data with other agencies for compatible confidential use; or**

- **requiring respondents to submit proprietary trade secrets, or other confidential information unless the agency can demonstrate that it has instituted procedures to protect the information's confidentiality to the extent permitted by law.**

This collection of information does not meet any of the special circumstances described above.

8. **As applicable, state that the Department has published the 60 and 30 Federal Register notices as required by 5 CFR 1320.8(d), soliciting comments on the information collection prior to submission to OMB.**

**Include a citation for the 60 day comment period (e.g. Vol. 84 FR ##### and the date of publication). Summarize public comments received in response to the 60 day notice and describe actions taken by the agency in response to these comments. Specifically address comments received on cost and hour burden. If only non-substantive comments are provided, please provide a statement to that effect and that it did not relate or warrant any changes to this information collection request. In your comments, please also indicate the number of public comments received.**

**For the 30 day notice, indicate that a notice will be published.**
**Describe efforts to consult with persons outside the agency to obtain their views on the availability of data, frequency of collection, the clarity of instruction and record keeping, disclosure, or reporting format (if any), and on the data elements to be recorded, disclosed, or reported.**

**Consultation with representatives of those from whom information is to be obtained or those who must compile records should occur at least once every 3 years – even if the collection of information activity is the same as in prior periods. There may be circumstances that may preclude consultation in a specific situation. These circumstances should be explained.**

The Department will be requesting a 60-day and 30-day public comment period to solicit comments on the current burden assigned to this regulation. This is the 30-day public comment period request.

9. **Explain any decision to provide any payment or gift to respondents, other than remuneration of contractors or grantees with meaningful justification.**

There are no payments or gifts to respondents.

10. **Describe any assurance of confidentiality provided to respondents and the basis for the assurance in statute, regulation, or agency policy. If personally identifiable information (PII) is being collected, a Privacy Act statement should be included on**

**the instrument. Please provide a citation for the Systems of Record Notice and the date a Privacy Impact Assessment was completed as indicated on the IC Data Form. A confidentiality statement with a legal citation that authorizes the pledge of confidentiality should be provided.[1] If the collection is subject to the Privacy Act, the Privacy Act statement is deemed sufficient with respect to confidentiality. If there is no expectation of confidentiality, simply state that the Department makes no pledge about the confidentiality of the data. If no PII will be collected, state that no assurance of confidentiality is provided to respondents. If the Paperwork Burden Statement is not included physically on a form, you may include it here. Please ensure that your response per respondent matches the estimate provided in number 12.**

The collection portal includes a Privacy Act warning as follows: This U.S. Government information system may contain personal information protected by the Privacy Act of 1974 (as amended). By using this information system, you are explicitly consenting to be bound by the Act's requirements and acknowledge the possible criminal and civil penalties for violation of the Act. Consistent with the requirements of Section 117, the Department intends to publish the contents of reports made by institutions to the fullest extent required by 20 U.S.C. § 1011f(e), including publication of details about specific counterparties, such as the counterparty's name. It is clear on the face of the statute and in the legislative history of Section 117 that Congress enacted Section 117 believing that transparent reporting was necessary to counteract any distorting influence of foreign money on teaching, research, and culture and provide policymakers and the public with information to assess, detect, and respond to foreign influence operations under the guise of "academic" activities and to threats against the U.S. research enterprise.

**11. Provide additional justification for any questions of a sensitive nature, such as sexual behavior and attitudes, religious beliefs, and other matters that are commonly considered private. The justification should include the reasons why the agency considers the questions necessary, the specific uses to be made of the information, the explanation to be given to persons from whom the information is requested, and any steps to be taken to obtain their consent.**

The form does not require information of a sensitive nature as noted above.

**12. Provide estimates of the hour burden for this current information collection request. The statement should:**

[1] Requests for this information are in accordance with the following ED and OMB policies: Privacy Act of 1974, OMB Circular A-108 – Privacy Act Implementation – Guidelines and Responsibilities, OMB Circular A-130 Appendix I – Federal Agency Responsibilities for Maintaining Records About Individuals, OMB M-03-22 – OMB Guidance for Implementing the Privacy Provisions of the E-Government Act of 2002, OMB M-06-15 – Safeguarding Personally Identifiable Information, OM:6-104 – Privacy Act of 1974 (Collection, Use and Protection of Personally Identifiable Information)

- **Provide an explanation of how the burden was estimated, including identification of burden type: recordkeeping, reporting or third party disclosure. Address changes in burden due to the use of technology (if applicable). Generally, estimates should not include burden hours for customary and usual business practices.**
- **Please do not include increases in burden and respondents numerically in this table. Explain these changes in number 15.**
- **Indicate the number of respondents by affected public type (federal government, individuals or households, private sector – businesses or other for-profit, private sector – not-for-profit institutions, farms, state, local or tribal governments), frequency of response, annual hour burden. Unless directed to do so, agencies should not conduct special surveys to obtain information on which to base hour burden estimates. Consultation with a sample (fewer than 10) of potential respondents is desirable.**
- **If this request for approval covers more than one form, provide separate hour burden estimates for each form and aggregate the hour burden in the table below.**
- **Provide estimates of annualized cost to respondents of the hour burdens for collections of information, identifying and using appropriate wage rate categories. Use this site to research the appropriate wage rate. The cost of contracting out or paying outside parties for information collection activities should not be included here. Instead, this cost should be included in Item 14. If there is no cost to respondents, indicate by entering 0 in the chart below and/or provide a statement.**

Since implementation of the improved and updated portal, the likely burden to institutions has been significantly reduced because of the inadequacies of the PEBC-based system previously commented upon by institutions in response to the prior collections. For example, the new reporting portal facilitates “bulk uploads” for reportable gifts and contracts and includes an “executive summary” for each IHE to view the toplines of its submissions in a condensed form. In addition, the new portal addresses previously articulated concerns about, among other things: (1) automatic log off; (2) duplicative and onerous submission requirements concerning identifying information for the IHE; (3) save-as-draft capability; (4) ease of review of prior draft and final submissions; (5) capacity to self-correct prior submissions; (6) ability to review and revise another institutional user’s submission; (7) summary page of entries to allow final review; (8) publication of a reporting portal user’s guide; and (9) system functionality to allow an institutional user to download the full set of records that were submitted rather than print each individual submission. These upgrades, among others, addressed most of the concerns raised by IHEs that they represented made the burden of foreign gifts and contracts reporting onerous and time-consuming. Of particular significance to prior IHE comments is the new bulk upload functionality. In response to the previous two collections, commenters made clear that implementation of bulk upload capacity would provide a significant reduction in their burden. Based on these new efficiencies, we believe a

reasonable assignment of time for an institution to use the data collection system to process a submission is 30 minutes This includes the time necessary to gather the information for the report as well as the time necessary to enter and submit the information into the data collection system.

Based on the data submitted between October 2024 through February 2025, 267 institutions submitted information on 10,370 transactions ranging in size from $1.00 to $178,631,300. This results in an average of 39 transactions per institution (rounded up), for a total annual burden of 5,206.50 hours (267 institutions x 39 reports x .50 hours per report).

**Estimated Annual Burden and Respondent Costs Table**

| Information Activity or IC (with type of respondent) | Number of Respondents | Responses/Year | Hours per Response | Total Annual Burden Hours | Estimated Respondent Average Hourly Wage | Total Annual Costs (hourly wage x total burden hours) |
|---|---|---|---|---|---|---|
| Individual | 0 | 0 | 0 | 0 | 0 | 0 |
| For-Profit Institutions | 4 | 4x39=156 | .50 | 78 | $49.98 | $3898.44 |
| Private Institutions | 108 | 108x39=4212 | .50 | 2106 | $49.98 | $105,257.88 |
| Public Institutions | 155 | 155x39=6045 | .50 | 3022.50 | $49.98 | $151,064.55 |
| Annualized Totals | 267 | 10,413 | .50 | 5206.50 | $49.98 | $260,220.87 |

The monetized net cost of the increased burden for institutions was calculated using wage data developed using Bureau of Labor Statistics (BLS) data. For institutions we have used the median hourly wage for Education Administrators, Postsecondary, $49.98 per hour, according to BLS as of May 2024. https://www.bls.gov/oes/current/oes119033.htm.

***Please ensure the annual total burden, respondents and response match those entered in IC Data Parts 1 and 2, and the response per respondent matches the Paperwork Burden Statement that must be included on all forms.***

**13. Provide an estimate of the total annual cost burden to respondents or record keepers resulting from the collection of information. (Do not include the cost of any hour burden shown in Items 12 and 14.)**

- **The cost estimate should be split into two components: (a) a total capital and start-up cost component (annualized over its expected useful life); and (b) a total operation and maintenance and purchase of services component. The estimates should take into account costs associated with generating,**

**maintaining, and disclosing or providing the information. Include descriptions of methods used to estimate major cost factors including system and technology acquisition, expected useful life of capital equipment, the discount rate(s), and the time period over which costs will be incurred. Capital and start-up costs include, among other items, preparations for collecting information such as purchasing computers and software; monitoring, sampling, drilling and testing equipment; and acquiring and maintaining record storage facilities.**

- **If cost estimates are expected to vary widely, agencies should present ranges of cost burdens and explain the reasons for the variance. The cost of contracting out information collection services should be a part of this cost burden estimate. In developing cost burden estimates, agencies may consult with a sample of respondents (fewer than 10), utilize the 60-day pre-OMB submission public comment process and use existing economic or regulatory impact analysis associated with the rulemaking containing the information collection, as appropriate.**
- **Generally, estimates should not include purchases of equipment or services, or portions thereof, made: (1) prior to October 1, 1995, (2) to achieve regulatory compliance with requirements not associated with the information collection, (3) for reasons other than to provide information or keep records for the government or (4) as part of customary and usual business or private practices. Also, these estimates should not include the hourly costs (i.e., the monetization of the hours) captured above in Item 12.**

**Total Annualized Capital/Startup Cost :**
**Total Annual Costs (O&M) :____________________**
**Total Annualized Costs Requested :**

There is no cost burden to respondents or record-keepers resulting from the information collection other than shown in items 12 and 14.

**14. Provide estimates of annualized cost to the Federal government. Also, provide a description of the method used to estimate cost, which should include quantification of hours, operational expenses (such as equipment, overhead, printing, and support staff), and any other expense that would not have been incurred without this collection of information. Agencies also may aggregate cost estimates from Items 12, 13, and 14 in a single table.**

The total government expense for capital and start-up costs for this Information Collection is $0. The reporting portal and public-facing website have already been created and are in use.

REVIEWERS COSTS: Identifies the amount of time for a reviewer to examine the information submitted through the disclosure. This information is then reported out to the appropriate officials.

| Number of Disclosures Submitted Annually | Hours Required for ED Review | Total Hours | Average Hourly Wage | Estimated total cost to the Federal government |
|---|---|---|---|---|
| 5,206 | 2 | 10,412 | $66 | $687,192 |

The "Average Hourly Wage" is based on a GS13, Step 5 employee in the Washington, D.C. locality.

15. **Explain the reasons for any program changes or adjustments. Generally, adjustments in burden result from re-estimating burden and/or from economic phenomenon outside of an agency's control (e.g., correcting a burden estimate or an organic increase in the size of the reporting universe). Program changes result from a deliberate action that materially changes a collection of information and generally are result of new statute or an agency action (e.g., changing a form, revising regulations, redefining the respondent universe, etc.). Burden changes should be disaggregated by type of change (i.e., adjustment, program change due to new statute, and/or program change due to agency discretion), type of collection (new, revision, extension, reinstatement with change, reinstatement without change) and include totals for changes in burden hours, responses and costs (if applicable).**

**Provide a descriptive narrative for the reasons of any change in addition to completing the table with the burden hour change(s) here.**

| | **Program Change Due to New Statute** | **Program Change Due to Agency Discretion** | **Change Due to Adjustment in Agency Estimate** |
|---|---|---|---|
| **Total Burden** | | 5,206 | |
| **Total Responses** | | 10,413 | |
| **Total Costs (if applicable)** | | | |

This is an existing collection process designed to facilitate compliance with Section 117 of the HEA. This information collection was previously with OGC from 2020 to 2023. The burden estimate is significantly lower than prior information collection filings because of the improvements made over recent years in the functionality of the collection portal which will significantly reduce the burden on institutions. There is an estimated annual burden of 5,206 hours for 267 institutions based on 10,413 responses at .50 hours per response for a total cost of $ 260,220.87.

16. **For collections of information whose results will be published, outline plans for tabulation and publication. Address any complex analytical techniques that will be used. Provide the time schedule for the entire project, including beginning and**

**ending dates of the collection of information, completion of report, publication dates, and other actions.**

The results of this information collection will be published in the form it is received at www.foreignfundinghighered.gov

**17. If seeking approval to not display the expiration date for OMB approval of the information collection, explain the reasons that display would be inappropriate.**

The Department is not seeking this approval.

**18. Explain each exception to the certification statement identified in the Certification of Paperwork Reduction Act.**

The Department is not requesting any exceptions to the "Certification for Paperwork Reduction Act Submissions".