# EXHIBIT 11

**Foreign Gifts and Contract Disclosures**
**Summary of Public Comments with Responses**

## Introduction

The U.S. Department of Education (Department) received four comments on the foreign gifts and contract disclosures information collection request (ICR). Most of these comments were duplicative of comments made during the 60-day comment period. Below we group and respond to comments topically. We note that, if any question from the disclosure form is held invalid, the remainder of the questions will not be affected thereby. That is, we intend for questions on the form to be severable.

### Filing Deadlines

**Comments:** One commenter asserted that most higher education institutions have June 30 year-ends and, therefore, that the July 31 filing deadline is burdensome, and that all the same data must be considered when preparing for the January 31st filing deadline. The commenter recommended that the Department make the July 31st reporting optional and the January 31st reporting mandatory or remove the July 31st reporting altogether and have one reporting period covering the calendar year with a reporting deadline no earlier than February 28th or extend the July 31st deadline to August 31st.

**Response**: The requirements of Section 117 are very specific on this point. The statute provides:

> Whenever any institution is owned or controlled by a foreign source or receives a gift from or enters into a contract with a foreign source, the value of which is $250,000 or more, considered alone or in combination with all other gifts from or contracts with that foreign source within a calendar year, the institution shall file a disclosure report with the Secretary on January 31 or July 31, whichever is sooner.

20 U.S.C. § 1101f (a). The January 31 and July 31 reporting deadlines are established by statute. Therefore, the Department does not have discretion to change the date of either of the reporting deadlines. These proposed changes would require congressional action.

**Changes:** None.

### Name and Address of Foreign Source

**Comments**: One commenter continued to assert that 20 U.S.C. § 1011f does not authorize the Department to request the name or address of a foreign source. Two commenters noted that certain parties prefer to remain anonymous for a variety of reasons and that requiring disclosure of a party's name and address would create a disincentive for some donations. One commenter asserted that even with the changes the Department made to the form to allow institutions to request confidentiality, the Department's assurances of confidentiality are insufficient, noting

among other concerns, that administrative Freedom of Information Act (FOIA) review and FOIA litigation are inherently unpredictable.

**Response**: The Department continues to believe it requires the name and address of foreign sources to assess an institution's compliance with Section 117. Section 117 is a disclosure statute requiring institutions to inform the public about certain gifts from and contracts with foreign sources and their agents. It specifies in 20 U.S.C. § 1011f (e) that "all disclosure reports required by this section shall be public records open to inspection and copying during business hours." 20 U.S.C. § 1011f (a)-(d) provides the items to include in the disclosure report as well as related information. This collection implements these sections and makes the disclosure report public pursuant to § 1011f (e). Section 117 also includes an enforcement section, 20 U.S.C. § 1011f (f), which authorizes civil action when "it appears that an institution has failed to comply with the [statutory] requirements."

As previously stated, the Department will not make the name and address part of the publicly available disclosure report. The Department assures submitting institutions that other than with respect to restricted gifts from and contracts with a foreign government, the Department will withhold the foreign source party's name and address (excepting country) from the public disclosure report to the extent permitted by law.

In the reporting portal, an institution will have the option to indicate whether it considers the name and address of a foreign source to be confidential and exempt from public disclosure pursuant to FOIA. The Department is required to withhold confidential business and financial information requested under the Freedom of Information Act pursuant to 5 U.S.C. § 552(b)(4) and 34 C.F.R. § 5.11. This option is being incorporated into its information collection to ensure the Department is promoting the statutory interest in public transparency while complying with its obligations to protect confidential business information. An institution's designation of information as exempt is not binding on the Department. 34 C.F.R. § 5.11(c). However, whenever the Department has reason to believe that it may be required to disclose information designated as confidential business information, the Department will follow the procedures outlined in its regulations for notifying the submitting institution and providing an opportunity to object to the disclosure. See 34 C.F.R. § 5.11.

**Changes**: None.

**Comments:** One commenter also asserted that it was concerned about the slippery constitutional slope created by the ICR requirement that institutions report the name of natural-person donors. The commenter asserted that the risk of public disclosure of this information could potentially chill associational rights protected by the First Amendment.

**Response:** The Department appreciates the commenter's concerns about the potential chilling effect on protected associational rights. The Department believes that ensuring First Amendment freedoms is essential, especially at institutions of higher education. However, the Department has not observed any evidence that the disclosure of foreign donor names to the Department has resulted in actual or widespread burden on donors' or institutions' associational rights.

To the extent there is any such burden, the Department believes its disclosure requirements are tailored to serve the government's important interests. Specifically, the requirement to disclose the names and addresses of foreign sources to the Department is substantially related to the Department's interest in providing the public with accurate information about gifts from and contracts with foreign sources involving U.S. institutions. Section 117 is a transparency statute, and the Department's responsibilities under Section 117 are to ensure compliance with the statutory reporting requirements and make publicly available certain information about gifts from and contracts with foreign sources and their agents. The identity of a donor or contract counterparty is directly related to whether a gift or contract is subject to the reporting requirement and what information is required to be in the public disclosure reports.

In the absence of this disclosure requirement, the Department maintains that it would be hindered in its ability to fulfill its enforcement responsibilities to verify an institution's compliance with Section 117. Relying solely on institutions' self-reporting, without foreign source information, would make it particularly challenging to identify incomplete or inaccurate reporting of required information, such as the country of attribution and whether a transaction is attributable to a foreign government. Prior to imposing this requirement in June 2020, the Department observed that U.S. schools systematically failed to comply with the statutory requirements to report foreign gifts to the Department.[1] Since then, the Department has observed more robust reporting of foreign gifts and contracts. Given the widespread nature of historical noncompliance, the Department believes it is important to continue its generally applicable requirements to disclose the names and addresses of foreign sources.

**Changes:** None.

**All Legal Entities**

**Comments**: One commenter reiterated the concern that the Department's determination that institutions' disclosure obligations cover "intermediaries" exceeds the scope of Section 117 as such intermediaries are not covered by the statutory definition of "institution."

**Response**: The Department acknowledges these concerns which were also raised by commenters in response to the 60-day notice. However, as noted in its response to the 60-day comments, based on its review of the statutory text, alongside its context, purpose, and history, the Department continues to believe the statute requires an institution receiving the benefit of a gift from or a contract with a foreign source, even if through an intermediary, to disclose the gift or contract. Permitting foreign sources and institutions to circumvent the reporting requirement by using intermediaries to transfer money, property, or other benefits would be contrary to the statute's broad disclosure mandate and the statutory purpose of transparency with regard to gifts

---

[1] U.S. Department of Education, *Institutional Compliance with Section 117 of the Higher Education Act of 1965* (Oct. 2020), at 16, https://fsapartners.ed.gov/sites/default/files/2023-04/ReportonInstitutionalCompliancewithSection117oftheHigherEducationActof1965October2020.pdf.

from and contracts with foreign sources. This interpretation accords with Congressional intent, as expressed in legislative history, for the scope of an institution's disclosure obligations.[2] In this context, an intermediary may be a legal entity other than an institution that receives a gift originating from or enters into a contract with a foreign source, and then passes to an institution part or all of the benefit of the gift or contract with the foreign source. These entities may not meet the statutory definition of an "institution" or fall under the direct control of an institution. Nonetheless, an intermediary may operate under the auspices of, or on behalf of, an institution, which is when an entity is acting as a representative or agent of the institution and thus in furtherance of the institution's interests. Where such legal entities operate for the benefit or under the auspices of an institution, there is a rebuttable presumption that when that legal entity receives money from or enters into a contract with a foreign source, it is for the benefit of the institution, and, thus, must be disclosed. The presumption can be rebutted for individual transactions where the gift to or contract with the intermediary is not for the direct benefit of the institution or the benefit is not passed on to the institution. In such scenarios, an institution would not be required to report gifts or contracts involving an intermediary entity where the institution might receive merely incidental benefits from the actions of associated or affiliated organizations.

**Changes**: None.

**Comments:** One commenter expressed concern about the Department's interpretation of reporting requirements to include gifts and contracts made through intermediaries because the definitions of intermediaries and the due diligence required to be exercised by institutions are broad and unspecific and, therefore, create uncertainty.

**Response:** Ultimately, the institution is required to report those transactions that meet the statutory requirements. In the case of an intermediary, absent conducting due diligence, the institution is likely to fail to report consistent with the statutory requirements. The commenter is correct that the Department has not defined what constitutes due diligence with specificity. By its very nature, reasonable due diligence will vary depending on the facts specific to each transaction, including the nature, source, and size of the transaction. The Department believes that it is in the best interest of institutions to have the flexibility to determine the diligence that is reasonable in the particular circumstances, with the understanding that the conduct of due diligence does not forgive non-compliance. As noted in the Department's response to the 60-day notice, institutions might exercise increased diligence the first time an institution or intermediary enters into a large transaction to determine whether the gift or contract is from or with a foreign source. Repeat or routine transactions of smaller amounts, however, may require less diligence to determine whether a gift or contract is from or with a foreign source. No matter the level of due diligence conducted, institutions have the ultimate responsibility to ensure their compliance with Section 117.

---

[2] *See* Conference Report on H.R. 4137, College Opportunity and Affordability Act of 2008, 154 Cong. Rec. H7353-01, H7503 ("The conferees intend for the Department of Education to ensure the integrity of the reporting requirements under this Title and Section 117. In particular, the conferees are concerned that donations are reported and categorized correctly. It is the intent of Congress that the Department of Education guidance prohibit avoidance of the disclosure of foreign gifts *through the utilization of domestic conduits or through the reimbursement of domestic entity contributions*.") (Emphasis added).

**Changes**: None.

**Rulemaking**

**Comments**: One commenter reiterated its position that the Department must engage in rulemaking with respect to Section 117, to address the entire Section 117 framework.

**Response**: There are two types of possible rulemaking that could be applicable here: either negotiated rulemaking pursuant to 20 U.S.C. § 1098a or notice-and-comment rulemaking under the Administrative Procedure Act. As explained at length in response to the prior comments,[3] neither requirement is applicable here. The Department continues to believe that the information needed to facilitate its review and determination of institutions' Section 117 compliance is appropriately obtained by way of an information collection pursuant to the Paperwork Reduction Act.

**Changes**: None.

**Burden estimate**

**Comments**: In response to the 60-day notice comments, the Department increased the burden estimate from ten hours to twenty hours. Two commenters asserted that the Department's burden estimate of twenty hours per institution per year still underestimates the time and resources an institution would have to spend on the Section 117 disclosures.

**Response**: There is no new information in these comments that causes the Department to make an additional increase to its burden estimate. As noted in its response to the 60-day notice, the Department's estimate takes into account that institutions may require more or less time than the estimated burden to comply with the Section 117 disclosure requirements. These are average burden estimates and may not reflect the variance in time and resources needed for some institutions vis-à-vis others.

**Changes**: None.

**Reporting Portal**

**Comments:** Each of the four commenters continued to identify concerns with the Partner Enterprise Business Collaboration Reporting Portal (Reporting Portal) and argued that the Reporting Portal makes the Section 117 process more burdensome.

**Response:** The specific comments and suggestions for changes to the Reporting Portal were all considered in response to the 60-day notice. The Department acknowledges the concerns raised

[3] PRA ICR Documents (reginfo.gov)

by various commenters and continues to evaluate various ways to address the technical feedback from institutions.

**Changes:** None.

**Notification of Interpretation**

**Comments:** Two commenters continued to assert that the Department's Notification of Interpretation (NOI) https://www.govinfo.gov/content/pkg/FR-2020-11-13/pdf/2020-23526.pdf exceeded the Department's statutory authority and should be withdrawn and both suggested that the Program Participation Agreement (PPA) is not an appropriate enforcement tool because the potential sanctions under the PPA would impact an institution's neediest students.

**Response:** For the reasons stated in the NOI, the Department does not agree that the NOI exceeded the Department's statutory authority. The Department believes the NOI reflects a reasonable and permissible interpretation of statutory provisions of the Higher Education Act of 1965, as amended, and the Department's implementing regulations, and therefore withdrawal or recission is not warranted. With respect to the issue of the PPA, the commenters seem to be commenting under the assumption that a loss of Title IV eligibility is the only possible sanction under the PPA. However, there are various sanctions that could be considered by the Department under the NOI that are short of termination of eligibility to participate in the Title IV programs. Nonetheless, failure to comply with Section 117 is a violation of the institution's PPA obligations and, therefore, the institution may be subject to all the potential sanctions.

**Changes:** None.

**National Science Foundation Collection**

**Comments:** One commenter referenced Section 10339B of the Research and Development, Competition, and Innovation Act, Division B of P.L. 117-167 (commonly known as the CHIPS and Science Act of 2022), and a draft document Proposed Implementation of PAPPG Chapter VII.D.3 "Foreign Gifts and Contracts Disclosure" with respect to Section 10339B (NSF Document). The commenter urged the Department and NSF to cooperate and to engage with the stakeholder community to avoid duplication.

**Response:** The Department is aware of this NSF requirement and the NSF Document. The NSF Document is clearly watermarked "Draft" and is part of a larger document entitled "National Science Foundation Proposal/Award Information-NSF Proposal and Award Policies and Procedure Guide" which was recently noticed for comment in the Federal Register[4]. The first filing deadline under the NSF requirements would be no earlier than July 31, 2024. The CHIPS and Science Act of 2022 has a lower dollar threshold for reporting ($50,000 v. $250,000) but only applies to countries of concern (currently People's Republic of China, the Democratic People's Republic of Korea, the Russian Federation, and the Islamic Republic of Iran) as

[4] 2023-07780.pdf (govinfo.gov)

opposed to Section 117 which covers gifts from or contracts with any foreign source. The Department is in communication with NSF and is continuing to explore ways to minimize duplication of effort on the part of institutions of higher education subject to both disclosure requirements.

**Changes:** None.

### Timely Publication of Data

**Comments:** One commenter suggested that the Department needs to make a public commitment to posting the Section 117 public information in a timelier manner. The commenter expressed concern that it appears that institutions are not reporting on time.

**Response:** The Department acknowledges the commenter's concerns about timely publication of data. The Department is committed to making data publicly available as required by statute. Although not expressly required by statute, the Department publishes data on its website to promote greater transparency. The Department endeavors to update the public data on its website promptly and on a regular basis and ensures that it is clear when the website was last updated. At the same time, the Department takes care to ensure confidential treatment of non-public data contained in institutions' submissions in order to avoid inadvertent disclosure of confidential information.

**Changes:** None.

### Stakeholder Community

**Comments:** Two commenters suggested that the Department work more with the stakeholder community to address issues in the Reporting Portal, to create processes and to answer questions.

**Response:** The Department has had considerable interaction with the stakeholder community concerning Section 117 in the past and will continue to look for additional opportunities to interact in the future. Contact the Department at ForeignGiftsAccess@ed.gov if you have technical questions or access issues related to the Section 117 Reporting Portal. Contact the Department at ForeignSourceReporting@ed.gov if you have non-technical questions about the Department's Section 117 efforts.

**Changes:** None.