# EXHIBIT 15

**Foreign Gifts and Contract Disclosures**
**Summary of Public Comments with Responses**

**Introduction**

The U.S. Department of Education received seventeen comments from individuals on the foreign gifts and contract disclosures information collection request. Below we group and respond to comments topically. We note that, if any question from the disclosure form is held invalid, the remainder of the questions will not be affected thereby. That is, we intend for questions on the form to be severable.

**Scope**

**Comments**: A commenter opined on three aspects of the scope of Section 117 reporting: (1) private institutions that do not conduct government-funded research should not have to report; (2) institutions should not have to report funds from non-governmental foreign sources; and (3) institutions should not have to report small gifts from private individuals.

**Response**: Section 117(h)(4) defines "institution" and that definition includes private institutions that do not conduct government-funded research. Section 117 also requires institutions to report gifts and contracts from foreign sources, and the definition of "foreign source" is not limited to only foreign governments. As for the size of the gifts that must be reported, institutions do not have to report gifts under $250,000 unless gifts or contracts from that foreign source in the aggregate meet or exceed $250,000 during the applicable period.

**Changes**: None.

**Penalty**

**Comments**: One commenter asserted that criminalizing institutions that do not have sophisticated tracking systems is heavy-handed and that the threat of losing Federal funding is enough of a deterrent from submitting incomplete or inaccurate reports.

**Response**: The disclosure form refers to 18 U.S.C. § 1001 but the penalties under that statute apply for only knowing or willful fraud.

**Changes**: None.

**Alternatives**

**Comments**: One commenter noted that charities already are required to report foreign gifts over $100,000 on the Internal Revenue Service (IRS) form 3520. This commenter asserted that a better reporting process would be to have disclosure on similar terms as the IRS or through audited financial statements.

**Response**: The requirements of the IRS form 3520 differ substantially from the requirements of Section 117 and adopting a reporting process with disclosures on similar terms as the IRS would

be inconsistent with the requirements Congress specified under Section 117. As for auditing financial statements in lieu of a required disclosure, the disclosure is required by statute.

**Changes**: None.

**Gifts or Contracts Received Through an Intermediary**

**Comments**: Some commenters asserted that the Department's language regarding intermediaries is overly vague. According to these commenters, any gift made to a separate legal entity affiliated with an institution would "benefit the institution," resulting in institutions being required to report gifts and seek gift agreements from a long list of related entities. The commenter asserted that this would substantially increase the administrative burden of complying with the information collection request (ICR).

**Response**: Institutions have a duty, under Section 117, to conduct reasonable due diligence when they receive the benefit of a contract or gift from any entity to determine whether the gift or contract is from or with a foreign source. If they do receive such a benefit and it meets the threshold amount, they must report the item to the Department.

Institutions are not required to report any gift to or contract between a foreign source and an entity if the institution did not receive a benefit from the gift or contract. Our burden estimates properly account for the administrative burden associated with reporting benefit received from gifts from or contracts with foreign sources, including those received through intermediaries.

**Changes**: None.

**Comments**: In the Response to Comments on the 60-day *Federal Register* notice, the Department stated: "Where a legal entity (e.g., a foundation) operates substantially for the benefit or under the auspices of an institution, there is a rebuttable presumption that when that legal entity receives money or enters into a contract with a foreign source, it is for the benefit of the institution, and, thus, must be disclosed." Some commenters asserted that this rebuttable presumption is inconsistent with Section 117 because only "institutions" are required to report foreign gifts or contracts. Another commenter asserted that intermediaries existed in 1986 when Congress enacted Section 117 and if Congress wanted to include intermediaries then it would have done so. Another commenter noted that institutionally related foundations are more than merely intermediaries or pass through entities. The commenter also noted that most foundations actively raise and manage private support and steward charitable gifts on behalf of their institution and they have separate governing boards.

**Response**: Under the rebuttable presumption, the institution (not the intermediary) must report gifts or contracts that benefit the institution. We believe the plain language of Section 117 (or at the very least a reasonable interpretation of it) provides that when an institution receives the benefit of a gift from or contract with a foreign source in the covered amount, they must report it, regardless of whether it passed through an intermediary. Any other read would create a significant loophole through which institutions could receive the benefit of countless gifts and contracts stemming from foreign sources without reporting.

We recognize that legal entities that operate substantially for the benefit or under the auspices of an institution may serve purposes other than as a pass through entity and they may have separate governing boards but there is a rebuttable presumption that when these entities receives money or enters into a contract with a foreign source, it is for benefit of the institution, and, thus, must be disclosed, if the $250,000 threshold is met. Institutions have a duty, under Section 117, to conduct reasonable due diligence on the source of the funds that it receives from any entity, including legal entities that operate substantially for the benefit or under the auspices of an institution. If in exercising this due diligence they determine that certain gifts/contracts from these legal entities did not benefit the institution, they do not need to report the items.

**Changes**: None.

**Comments**: Some commenters asserted that institutions gathering information for the report need to know how the term “intermediary” is defined. This commenter asserted that institutions will be challenged, first, to understand what constitutes an intermediary and, second, to obtain information from legally separate entities over which they have no authority.

**Response**: For purposes of Section 117 reporting, an intermediary is an entity other than an institution that receives a gift originating from or enters into a contract with a foreign source and then passes to an institution part or all of the benefit of the gift from or a contract with a foreign source. Where an institution receives part or all of the benefit of a gift from or a contract with a foreign source, the institution, regardless if it is through an intermediary or not, must report, if the $250,000 threshold is met. The institution has a duty, before it accepts the benefit of the gift or contract, to exercise due diligence and to make a good faith effort to understand the source of the gift or the identity of the contracting party. It is the institutions responsibility to determine whether the gift or contract involves a foreign source that must be disclosed.

**Changes**: None.

**Freedom of Information Act**

**Comments**: Some commenters were concerned that the Department will not be able to protect confidential information, such as the name of a donor who wishes to remain anonymous, from a FOIA request, noting that the outcome of disclosure requests under FOIA is unpredictable and potentially problematic. Another commenter requested clarification on the Section 117 information that the Department would have to disclose in response to a FOIA request.

**Response**: The Department is required to withhold confidential business and financial information requested under the Freedom of Information Act pursuant to 5 U.S.C. 552(b)(4) and 34 CFR 5.11 and we will strictly adhere to this prohibition with regard to the names and addresses collected pursuant to Section 117. Title 34 CFR §5.11(e), requires the Department to communicate with an institution as part of the FOIA process and we would follow those procedures in response to a FOIA request for non-public information submitted under Section 117 to determine what is appropriate to disclose in the specific situation.

**Changes**: None.

**Comments**: One commenter asserted that the Department's representation in the proposed ICR that the name and address of donors will not be subject to disclosure under FOIA directly contradicts the public inspection requirement in Section 117(e).

**Response**: The Department does not consider the name and address it seeks under this information collection to be part of the disclosure report that must be made public under Section 117(e). The Department needs the name and address to support its enforcement activities and provide a basis for verifying institutions are disclosing information to the public as Congress directed, and it is not information that Congress intended to be part of the public disclosure report.

**Changes**: None.

**Comments**: One commenter noted that it is possible in the future a different administration will take a different view of the confidential nature of the disclosure. This commenter noted that given that disclosure of a donor's identity in certain instances could put the donor in danger of being harmed by violence, many donors in religiously persecuted countries will not want to take the risk of making a donation.

**Response**: FOIA requires the Department to balance, on a case-by-case basis, an individual's privacy interests against the public's interest in disclosure; where the privacy interest outweighs the public's interest in disclosure, FOIA mandates that the information be withheld. While there are no guarantees that a future administration would not change its Section 117 policy, we are confident that the Department would continue to focus on the safety of donors in religiously persecuted countries and the strong privacy implicated in their personally identifiable information.

**Changes**: None.

**Process**

**Comments**: One commenter asserted that the ICR process the Department used does not require it to take public comments into consideration.

**Response**: Title 5 CFR 1320.5(a)(1)(ii) requires the Department to consider all the comments we have received during this process and the Department has done so.

**Changes**: None.

**Names and Addresses**

**Comments**: One commenter asserted that the ICR puts institutions in a position of having to violate the European Union's General Data Protection Regulation (GDPR), which allows disclosure of name and address only when there is a legal obligation. This commenter asserted that Section 117 does not authorize the Department to collect names and addresses and, therefore, there is no basis under the GDPR for an institution to disclose this information.

**Response**: The Department believes it needs the name and address of foreign sources to verify an institution's compliance with Section 117. This information is necessary for the Department to be able to fulfill its enforcement duty to refer to the Attorney General when it has determined an institution has failed to comply with the requirements of Section 117. Thus, there is no conflict between our Section 117 reporting requirements and the GDPR because there would be a legal obligation to disclose this information under GDPR.

**Changes**: None.

**Comments**: One commenter asserted that even if the Department withholds name and address from public disclosure under FOIA, an institution may still be violating the terms of its gift or contract agreement if it provides this information to the Department.

**Response**: Under Section 117 and this ICR, conditions prohibiting an institution from disclosing to the Department the name and address of a donor or contractor are *ultra vires*.

**Changes**: None.

**Comments**: One commenter referred to the Department's previous statement that in the case of anonymous parties, names and addresses must be shared "to the extent that the institution has or could reasonably obtain the donor's identity." According to this commenter, this is a subjective standard and it is not clear how the Department will apply it and reasonably evaluate whether an institution has complied with its reporting obligations.

**Response**: Institutions must make a reasonable effort to obtain a donor's identity. The reasonableness standard is well established by law

**Changes**: None.

**Comments**: One commenter noted that the Donor Bill of Rights states that donors have the right "to be assured that information about their donations is handled with respect and with confidentiality to the extent provided by law."

**Response**: The Donor Bill of Rights recognizes that in some instances the law will require institutions to share a donor's information. Here, institutions are required to share with the Department the name and address of a donor; however, the Department will withhold this information from the public disclosure report and protect the confidentiality of this information to the extent permitted by law.

**Changes**: None.

**Unintended Consequences**

**Comments**: One commenter asserted that institutions will have to ask *all* donors about their citizenship and whether they are acting as an agent of a foreign government and these questions

will chill contributions because many donors will find these questions demeaning and will view the process of giving as too cumbersome.

**Response**: Section 117 requires institutions to report on gifts from and contracts with foreign sources, including sources acting as an agent of a foreign government. The commenter's claim that institutions' efforts to determine which gifts or contracts must be reported under Section 117 will offend donors and chill donations is speculative and, regardless, Congress has already determined that the interests in national security outweigh such an obstacle to fundraising that institutions may face as a result of these disclosure requirements.

**Changes**: None.

**New Portal**

**Comments**: Some commenters suggested that the Department should consult with institutions as it is developing the new Section 117 disclosure portal. One commenter recommended that the Department automate the process to allow schools to submit the required information electronically via a file or Excel spreadsheet that can be uploaded into the Department's system rather than the current line-by-line manual entry. The commenter noted that in the current system, if the Program Participation Agreement is under review for any other reason, an institution must reach out to its Department of Education Regional Representative to suspend the current review to allow the foreign gift and contract report data to be entered. This commenter believed it would be helpful to have a separate submission process to upload an Excel report. Another commenter requested that the Department allow sufficient time for this user input and testing to ensure that the portal functions as efficiently and smoothly as possible.

**Response**: The Department is working very hard to implement an electronic system to streamline the reporting and public disclosure process and will work to improve that system moving forward. We note the commenter's recommendation about allowing institutions to upload an Excel report and we will consider that for future iterations of the web portal; however, at the moment we do not expect this to be a feature of the initial version of the web portal. As for user testing, we have already conducted some user testing as part of our efforts to develop an efficient reporting portal.

**Changes**: None.

**Contracts where the money goes to the foreign source**

**Comments**: One commenter referred to the Department's previous statement in the prior Summary of Public Comments with Responses that the Department submitted during this ICR process, which indicated that the definition of contracts excludes 'a contract involving the transfer of funds from an institution to a foreign source.' This commenter asserted that this is an important aspect of Section 117 reporting for an institution to understand and that it would be useful if the Department issued formal guidance to clarify this point.

**Response**: The Department has received inquiries from institutions that are trying to understand if a particular contract does not need to be reported because it involves the transfer of funds from an institution to a foreign source. The Department is working with institutions to clarify which types of contracts involve the transfer of funds from an institution to a foreign source. The Department will consider whether issuing formal guidance to clarify this point is a more efficient way to use the Department's and institutions' resources for Section 117 reporting purposes.

**Changes**: None.

**How to define property**

**Comments**: One commenter noted that the definition of "gift" in Section 117(h)(3) includes money or property, but the Department has not provided any guidance on how to value property. If the method of valuation of property were to be clarified, that would help to ensure that such gifts were appropriately reported.

**Response**: In general, the value of property should be the fair market value of the property. The commenter did not provide any examples of the type of property that institutions may have difficulty valuating and without more detail, the Department cannot provide any more specific guidance.

**Changes**: None.

**Reporting Aggregate Gifts/Contracts**

**Comments**: One commenter asked the Department to clarify the process of how an institution could amend or correct a report. This commenter also asked whether an institution reporting gifts that meet or exceed $250,000 in the aggregate must report each gift that contributes to the aggregate total.

**Response**: Institutions with questions about how to amend or correct a report should contact Federal Student Aid customer support once the new web portal is operational. As for the commenter's second question, each gift that contributes to the aggregate total must be reported by the institution.

**Changes**: None.

**Conditional Gifts or Contracts**

**Comments:** One commenter noted that a contract may be fully executed, but funds not transferred until certain terms of the agreement are fulfilled, or the contract amount might be contingent upon various factors such as the number of patients enrolled in a clinical trial. The commenter asked whether an institution must report the maximum potential amount of the contract once it is signed or wait to report the contract once the institution receives payments that reach the $250,000 reporting threshold. A few commenters asserted that in some cases providing

the amount of a variable rate contract or a contract based on a royalty structure could potentially reveal a confidential royalty rate, which is proprietary information.

**Response:** If the institution determines that the contract has the potential to meet the threshold, then Section 117(a) requires the institution to report the contract at the time that the institution "enters into" it.

With regard the concern about proprietary information, Section 117 requires institutions to report the amount of both contracts and restricted or conditional contracts. The Department is required to withhold confidential business and financial information requested under the Freedom of Information Act pursuant to 5 U.S.C. 552(b)(4) and 34 CFR 5.11 and we will strictly adhere to this prohibition with regard to the names and addresses collected pursuant to Section 117. Title 34 CFR §5.11(e), requires the Department to communicate with an institution as part of the FOIA process and we would follow those procedures in response to a FOIA request for non-public information submitted under Section 117 to determine what is appropriate to disclose in the specific situation.

**Comments**: One commenter asserted that institutions should not have to report license fees or data and materials being transferred from an institution to a foreign source because this reporting would be duplicative of reporting under the Bayh-Dole Act regulations at 37 CFR 401 *et seq.*

**Response**: The section 117 reporting is not similar in scope to the Bayh-Dole regulations and, therefore, they are not duplicative. Unlike Section 117 which imposes reporting requirements for transactions involving foreign sources, the Bayh-Dole Act regulations impose reporting requirements regarding "the utilization of a subject invention or on efforts at obtaining such utilization" by third parties.

**Student Tuition as Contracts**

**Comments:** One commenter asserted that institutions still question the need to include individual tuition and student fee payments as reportable transactions under Section 117. This commenter believed tuition payments are a regular and fully appropriate operational action made by all students, both international and domestic and that tuition payments do not influence curricular decisions or research priorities. This commenter noted that there are members of Congress currently working on legislation that would specifically exclude tuition payments from Section 117 reporting, which indicates that some members of Congress do not believe that reporting tuition payments is consistent with the purpose of Section 117. Another commenter noted that the rebuttable presumption under Section 117 could apply to tuition payments which may initially be made to third-party intermediaries. This commenter asserted that tracking and reporting these tuition payments made initially to a legal entity that operates substantially for the benefit or under the auspices of an institution would be incredibly burdensome, and often impossible, for institutions. This commenter urged the Department to exempt tuition payments from Section 117 reports because this information will not assist the Department in identifying meaningful sources of foreign influence within the higher education sector and the value of the information is outweighed by the burden on institutions to track and report tuition payments. Another commenter asserted that, where an institution is required to report the payment of

student tuition by a foreign source, exceptions to FOIA may not necessarily protect foreign students' identifiable information, which is protected under FERPA.

**Response**: In general, tuition payments made by a foreign source to an institution meet the plain meaning of "contract" in Section 117(h)(1). If the will of Congress results in an amendment to Section 117 with respect to tuition payments then the Department will revise this ICR accordingly. The rebuttable presumption is not critical in the context of tuition payments because it is clear that the institution received the benefit (i.e. the money for tuition) and, therefore, the institution must report this transaction, if the $250,000 threshold is met. With regard to the FERPA comment, it is not entirely clear what the commenter's concern is but we wish to clarify that institutions do not have to report identifiable information (i.e. a name) about students whose tuition is paid by a foreign source.

**Data Storage**

**Comment**: One commenter encouraged the Department to address how it will protect confidential data, including how confidential data will be transmitted and stored.

**Response**: The data will be encrypted when it is transmitted and while it is stored.

**Changes**: None.

**Comments**: One commenter asserted that requiring institutions to submit "a detailed description of all conditions or restrictions" would require a review of the documents for such descriptions (at levels beyond what is appropriate for most administrative staff), and possibly typing long sections into the Department's systems, especially if OCR-ready (Optical Character Recognition) electronic copies are not available. This commenter also believed that reporting this information would be redundant if the Department promulgates a regulation that requires institutions to submit a true copy of the gift or donation agreement. This commenter also asserted that Section 117 does not authorize the Department to ask for a detailed description of all conditions or restrictions of a gift or contract.

**Response**: Section 117(c)(1) explicitly provides that institutions must provide "a description of such conditions or restrictions." Requiring this detailed description is not redundant because there is currently not a regulation that requires institutions to submit a true copy and it would be premature for the Department to modify this ICR because of a regulatory requirement that may exist in the future. The Department notes that an institution's employee who is familiar with the substance of the contract should develop the detailed description as opposed to an administrative staff person.

**Domestic Party to a Contract**

**Comments**: One commenter asserted that the statute does not require an institution to report the domestic party to a contract.

**Response**: As we have explained elsewhere, institutions are required to report gifts from and contracts with foreign sources that the institution receives through an intermediary. The question on the disclosure form that asks for the domestic party is designed to make Section 117 reports clear as to whether the gift from or contract with a foreign source was received directly by the institution or through an intermediary.

**Changes**: None.

**Subsidiaries**

**Comments**: One commenter noted that the requirement to report gifts and contracts from subsidiaries or affiliates of foreign sources, could include entities incorporated in the United States. This commenter asserted that this is problematic and contrary to other common Federal regulatory approaches, such as the Department of Commerce and Department of State export control regulations. Because such entities are normally considered "U.S. Persons" for other regulatory purposes, institutions may not currently identify them as foreign and may not be able to accurately capture these for Section 117 reporting purposes. Overall, institutions may not know or be able to obtain information about a donor relationship to a foreign entity. This commenter also asked the Department to clarify that gifts from or contracts with U.S. citizens or entities do not have to be reported unless the U.S. citizen or entity is acting as an agent of a foreign source.

**Response**: Section 117(h)(2)(D)'s definition of "foreign source" includes a U.S. person or entity that acts as an agent of a foreign source. Institutions do not have to report gifts from or contracts with U.S. citizens or entities that act on their own behalf and not as an agent of a foreign source. As we have stated in our prior Response to Public Comments, "[u]nder Section 117, institutions have a duty to exercise due diligence and to make a good faith effort to determine whether a gift or contract involves an agent acting on behalf of a foreign source . . . . The Department understands that determining whether a U.S. party is acting as an agent of a foreign source may take time but 20 U.S.C. 1011f requires institutions do so when accepting gifts or contracts and does not provide an exception when institutions feel the process is too burdensome."

**Changes**: None.