**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ASSOCIATION OF AMERICAN UNIVERSITIES**,<br><br>*Plaintiff*,<br><br>v.<br><br>**U.S. DEPARTMENT OF EDUCATION**, *et al.*,<br><br>*Defendants*. | No. 26-cv-3438 (TSC) |

**OPINION & ORDER**

Section 117 of the Higher Education Act requires universities to report foreign gifts and contracts to the Department of Education, making those reports publicly available. 20 U.S.C. § 1011f. Since 2020, the Department has also collected the names of individual foreign donors while stating that it would not publish them. *See* 2020 Supporting Statement at 5, ECF No. 1-14; 2023 Supporting Statement at 5, ECF No. 1-12. In June 2026, the Department reversed course, announcing that it would publish those names. *See* 2026 Comment Response at 4, ECF No. 1-6. After initially publishing the names of 92 Institutional donors, it set October 2, 2026, as the date for publishing the names of all donors. Compl. ¶ 65, ECF No. 1. The Association of American Universities ("AAU"), whose member universities reported the information, filed this action against the U.S. Department of Education, Secretary of Education Linda McMahon, the U.S. Department of State, and Secretary of State Marco Rubio, seeking declaratory and injunctive relief for, *inter alia*, violations of the Administrative Procedure Act, the First Amendment, the Trade Secrets Act, and the Freedom of Information Act. Compl. ¶¶ 80–127, ECF No. 1. Plaintiff filed

the present motion for a temporary restraining order on October 1, 2026. Mot. for TRO, ECF No. 2. The court convened a hearing on the record, and it will now GRANT Plaintiff's motion.

To obtain a temporary restraining order, a movant must show that it is likely to succeed on the merits, that it is likely to suffer irreparable harm absent preliminary relief, that the balance of equities tips in its favor, and that relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Where, as here, the government is the opposing party, the last two factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). AAU has satisfied each factor.

To start, AAU has shown a likelihood of success on its claim that the Publication Decision is arbitrary and capricious; the court need not reach its remaining claims at this stage. When an agency changes position, it must "display awareness that it *is* changing position" and give "good reasons for the new policy." *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009). Where the prior policy "has engendered serious reliance interests," the agency must account for them. *Id.*; *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221–22 (2016); *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 30–33 (2020).

For six years, across two information collection requests, Defendants told institutions--in writing--that it would not include donor names and addresses in the public disclosure report. *See* 2020 Supporting Statement at 5, ECF No. 1-14; 2023 Supporting Statement at 5, ECF No. 1-12. Plaintiff alleges that institutions and donors relied on those assurances in making and accepting donations. Compl. ¶¶ 37–38, 45–47.

The only attempt at an explanation Defendants proffer for their policy change is an asserted statutory mandate to disclose: they state without elaboration that "the statutory inspection requirement outweighs countervailing confidentiality interests." 2026 Comment Response at 4, ECF No. 1-6. Defendants' explanation also appears internally inconsistent, characterizing

publication as statutorily required, yet treating the withholding of addresses as a discretionary "policy matter." *Id.* at 2, 4. The Department may ultimately be able to justify its decision. But the present record shows that AAU is likely to succeed in establishing that the Department "entirely failed to consider an important aspect of the problem." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43 (1983).

Plaintiffs are also likely to show that they will "suffer irreparable harm unless preliminary relief is granted." *RFE/RL, Inc. v. Lake*, 772 F. Supp. 3d 79, 83 (D.D.C. 2025) (citing *Winter*, 555 U.S. at 20). By its very nature, the disclosure of confidential information, including personally identifying information, may constitute irreparable harm "because such information, once disclosed, loses its confidential nature." *Hosp. Staffing Sols., LLC v. Reyes*, 736 F. Supp. 2d 192, 200 (D.D.C. 2010). Here, Defendants threaten to imminently publish the names of donors who have hitherto remained anonymous for every internet user to see in posterity. Compl. ¶ 65. Once published, the information will likely never escape the public eye. Indeed, the disclosure may produce downstream harms to the safety of donors who live in politically repressive countries. *See* Mot. for TRO at 36–37. Defendants have not made any representations that they plan to postpone such publication. To the contrary, counsel for Defendants was unable to assure court that publication would be delayed even for the short time this court needed to consider its opposition brief. Accordingly, Plaintiffs have satisfied the second *Winter* factor as well.

Finally, the balance of the equities and the public interest, merged where the government is a party, *see Nken*, 556 U.S. at 435, also favor Plaintiffs. As previously discussed, the publication of the donors' identities would irreversibly eviscerate all privacy interests they maintain in their personal information, which, to date, has remained confidential. By contrast, Defendants have not identified any serious harm they would suffer were this court to temporarily enjoin the impending

publication. During the hearing, Defendants' counsel conceded that the only prejudice Defendants would suffer is a delay in their ability to execute a purported statutory command. But even assuming Defendants are correct on the merits, they have withheld publication of the names of these donors since July. *See* Compl. ¶¶ 64–65. It is unclear what, if any, harm Defendants would suffer were publication delayed for a few more weeks. Defendants' counsel also suggested that any delay in publishing the names of donors would frustrate the public interest in the identities of such donors. But, again, the public interest will be no more impaired by an order temporarily preventing Defendants from publishing information that has already been withheld for months.

Accordingly, Plaintiffs' Emergency Motion for a Temporary Restraining Order, ECF No. 2, is GRANTED. Defendants and their officers, agents, employees, and all persons acting in concert with them are hereby ENJOINED from publishing, disclosing, or otherwise making publicly available, the names or any other identifying information of foreign donors and contract counter-parties that was reported by AAU's member institutions under Section 117 of the Higher Education Act, 20 U.S.C. § 1011f, and that has not previously been publicly disclosed, and from taking any other action to effectuate the Department of Education's recent decision to publish that information. This Order shall take effect immediately upon entry and shall expire 28 days after entry, unless extended by the court for good cause or by consent of the parties. Defendants shall file any opposition to AAU's motion for a preliminary injunction and stay under 5 U.S.C. § 705 by October 13, 2026. AAU shall file any reply by October 20, 2026.

It is **SO ORDERED**.

Date: October 1, 2026

Tanya S. Chutkan
TANYA S. CHUTKAN
United States District Judge